CAREY JAMES DYE, Plaintiff,
v.
REBECCA B. DYE, Defendant.
No. COA06-1290
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Rebecca B. Dye, pro se.
Hatfield & Hatfield, by John B. Hatfield, Jr., for plaintiff.
PER CURIAM.
This appeal arises from two domestic violence protective orders that were entered against defendant Rebecca B. Dye (defendant) on 6 May 2005. The orders prevent defendant from contacting her ex-husband, Carey James Dye (plaintiff), or their adult son, Daniel, in any manner. According to plaintiff's testimony, Daniel is borderline mentally retarded and cannot care for himself over an extended period of time. Daniel is twenty-three years old and lives with his father.
Plaintiff moved to renew the orders on 6 April 2006, complaining that defendant had continued to contact him, despite the protective order, harassing him with phone calls at work and mailings to his home. He testified, "I'm afraid . . . to have to look over my shoulder every time, wherever I go and have her at my doorstep at her own free will. It is justit would just put total instability into my life, have her tie up my phones at work, which, you know she has done in the past." Plaintiff also indicated that Daniel suffers emotionally whenever he encounters defendant. Plaintiff stated, "As an ADHD adult with a learning disability and excessive compulsive behavior[,] it effects [sic] him and my relationship. It takes him days and even weeks to get over it."
The parties appeared before Judge Linda L. Falls on 3 May 2006, and defendant's attorney withdrew. Defendant has represented herself pro se since the hearing. Both parties testified under oath. After the hearing, Judge Falls renewed both protective orders for an additional year until 3 May 2007. Defendant appeals.
Defendant appeared before this Court earlier in the year, appealing a bond order. Dye v. Dye, NO. COA06-717, 2007 N.C. App. LEXIS 1017 (May 15, 2007). We dismissed her appeal because of massive violations of our Rules of Appellate Procedure, noting that "the Rules of Appellate Procedure `apply to everyonewhether acting pro se or being represented by all of the five largest law firms in the state.'" Id. at *3 (quoting Bledsoe v. County of Wilkes, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999)). Again, we must dismiss defendant's appeal without ruling on the merits.
Defendant's assignments of error were not concise, and were extensively argumentative, in violation of N.C.R. App. P. 10(c)(1)(2007). Each assignment of error must "be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1) (2007). Many of defendant's assignments of error do not even address an issue of law, much less state a legal basis "plainly, concisely and without argumentation."
As in her previous brief, defendant's statement of facts was argumentative, speculative, and generally incomprehensible in violation of N.C.R. App. P. 28(b)(5) (2007). Although we applaud defendant's use of paragraphs, defendant again "failed to organize her brief in any coherent manner: there was no separate argument section, no separate statement of each question presented with a reference to assignments of error and the appropriate standard of review . . . in violation of N.C.R. App. P. 28(b)(6) (2007)." Dye, 2007 N.C. App. LEXIS 1017 at *3 (noting that defendant declined to employ paragraphs in her brief).
Defendant also seeks relief that this Court cannot grant, even if we were to overlook the extensive rules violations and rule in her favor. For example, defendant asks that this Court rule by "striking down 50B's."[1] Obviously, we are not positioned to abolish the use of domestic protective orders, even if we so desired. Defendant also asks us to "request that an investigation by the Attorney General be made into plaintiff's criminal activities against Daniel Dye," as well as into various court officials, including the clerk, the chief district court judge, and the district attorney. We cannot mandate an investigation by the Attorney General.[2]
Accordingly, as a result of gross rules violations, we dismiss defendant's appeal.
Dismissed.
Panel consisting of Judges MCGEE, ELMORE, and STEPHENS.
Report per 30(e).
NOTES
[1] "50B" is shorthand for a domestic protective order.
[2] We do note, however, that defendant has herself filed a number of complaints to the North Carolina State Bar and the Guilford County Department of Social Services, as well as a spattering of criminal allegations against plaintiff and members of his family.